FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 17 2005

at 3 o'clock and 35 min. P M
WALTER A.Y.H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GIANG DINH PHAM, | CIV. NO. 04-00542 HG-LEK |
| | CR. NO. 01-00409 HG-01 |
| Movant, | |
| vs. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

**ORDER DENYING APPLICATION FOR A CERTIFICATE OF APPEALABILITY
and
DENYING REQUEST TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Movant seeks a certificate of appealability on the denial of his motion brought pursuant to 28 U.S.C. § 2255. Movant argues that the Court's order denying reconsideration of the denial of the habeas motion is invalid as it was in the form of a "minute order" and not signed by the Court. Movant also requests leave to proceed in forma pauperis on appeal.

For the reasons set forth below, the application for a certificate of appealability is DENIED. The request for leave to proceed in forma pauperis is DENIED.

PROCEDURAL HISTORY

On September 7, 2004, Movant filed a Motion to vacate, set

aside, or correct sentence pursuant to 28 U.S.C. § 2255.

On March 15, 2005 the Court issued an order that, inter alia, denied the habeas motion.

On March 30, 2005, Movant filed a motion that the Court construed as a motion for reconsideration of the Order Denying the Habeas Motion.

On April 11, 2005, the Court issued a Minute Order denying the Motion for Reconsideration.

On April 25, 2005, Movant filed a document entitled "Notice to Appeal Seeking a Certificate of Appeal." Movant requests a certificate of appealability.

Also on April 25, 2005, the Court received a letter signed by Movant with the heading "Re: Notice to Appeal, Seeking COA." Movant appears to ask for leave to proceed in forma pauperis on appeal, and the Court construes the letter as such a request.

On May 2, 2005, Movant filed a document identical to his April 25, 2005 filing requesting a certificate of appealability.

## ANALYSIS

I.  **CERTIFICATE OF APPEALABILITY**

### Standard of Review

Under the Antiterrorism and Effective Death Penalty Act, the Court may issue a certificate of appealability only if Movant "has made a substantial showing of the denial of a constitutional

right."  28 U.S.C. § 2253(c)(2).

To make a substantial showing of a denial of a constitutional right under Section 2253, a movant is required to show that reasonable jurists could debate whether the issues should have been resolved differently or are "adequate to deserve encouragement to proceed further."  Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 and n.4 (1983)).

### A. Denial of a Constitutional Right

Movant has not shown that reasonable jurists would find it debatable that his habeas motion states a valid claim of the denial of a constitutional right.  The Motion is premised on the holdings of Blakely v. Washington, 124 S. Ct. 2531 (2004) and United States v. Booker, 125 S. Ct. 738 (2005).  The holdings of Blakely and Booker do not provide Movant with a constitutional right as they are not retroactively applicable to cases on collateral review.  Five circuit courts of appeals have held that Blakely and Booker are not retroactively applicable. Guzman v. United States, 404 F.3d 139 (2d Cir. 2005); Humphress v. United States, 398 F.3d 855 (6th Cir. 2005); McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005); United States v. Price, 400 F.3d 844, 848 (10th Cir. 2005); Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005).  There does not appear to be a debate among jurists whether Blakely and Booker

3

apply retroactively.

B.  **Minute Order Issued April 11, 2005**

Movant argues that the Minute Order of April 11, 2005 denying his Motion for Reconsideration of the denial of his habeas motion is invalid as it was marked "Submitted by David Hisashima, Courtroom Manager," rather than being signed by the Court.  Mr. Hisashima is not responsible for the content of the Minute Order.  United States District Court Judge Helen Gillmor issued the Minute Order.  Mr. Hisashima's name is on the bottom of the Minute Order as the person who entered it into the record. The Minute Order is a valid order of the United States District Court.

II.  **Request to Proceed In Forma Pauperis**

The Court, in an order dated December 14, 2004, denied Movant's request to proceed in forma pauperis on his habeas motion.  There is no indication that Movant's financial condition has changed.  Movant has not filed the affidavit required by Fed. R. App. P. 24(a)(1) in order to proceed in forma pauperis on appeal.

## CONCLUSION

In accordance with the foregoing, the Court HEREBY ORDERS THAT:

1.  The application for a certificate of appealability is

DENIED.

    2.   The request to proceed in forma pauperis is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 17, 2005.

Helen Gillmor
United States District Judge

Pham v. United States of America, Civil No. 04-00542 HG-LEK; Criminal No. 01-00409 HG-01; **ORDER DENYING APPLICATION FOR A CERTIFICATE OF APPEALABILITY AND DENYING REQUEST TO PROCEED IN FORMA PAUPERIS ON APPEAL**